138

THE PEOPLE OF THE STATE OF NEW YORK, on Complaint of DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK, Complainant, *v.* GRANDVIEW ICE CREAM & DAIRY PRODUCTS, INC., Defendant.

City Magistrates' Court of New York, Borough of Queens, First District, Sitting as a Court of Special Sessions, March 31, 1938.

*William C. Chanler, Corporation Counsel* [*James Hurley* of counsel], for the complainant.

*Harry L. Marcus,* for the defendant.

HOCKERT, C. M. The defendant company is a manufacturer of ice cream and frozen desserts and has a manufacturing plant for same with a separate storeroom. On the day of the inspection the plant was in operation but no product involving use of vanilla sugar had been manufactured for several days prior thereto. The inspector found a quantity of vanilla sugar in the bottom of a large wooden barrel that was webby, infected with insects, and unfit for human consumption. The defendant claims that mere possession is insufficient, and cites *People* v. *Woolworth Co.* (246 App. Div. 838) and also *People* v. *Woolworth Co.* (2 cases) (250 id. 864). All of these cases are clearly distinguished. In the first case cited, " the proof tended to show only possession or the keeping and storing of unwholesome food." In the other cases, " the food in question was kept in a locked storeroom; and it was the custom to inspect all food in such storeroom and destroy that which had become unwholesome before it was taken to the store and offered for sale." In this case an ingredient unfit for human consumption, yet a component of the manufactured article, is found

in the storeroom in a barrel amongst other barrels containing wholesome ingredients.

The recent case of *People* v. *Sweet Life Food Corp.* (254 App. Div. 573) found a wholesaler guilty of having " assorted foods not then healthy, fresh, sound, wholesome and safe for human food," in its premises.

Mere possession of unwholesome foods may not be in itself sufficient to be a violation of section 163 of the Sanitary Code (New York Code of Ordinances, chap. 20, art. 9, § 163), but in each case the facts surrounding the possession must be considered.

The evidence here was that this barrel was among other barrels and had been there for some time. The defendant's witness in charge of the storeroom admitted that barrels when empty are at once removed and also that at that time of the year only small quantities of vanilla sugar are used. The purpose of the statute is to protect human health and the responsibility for possession of unsound food must be placed squarely on the seller or manufacturer. (*People* v. *Kibler*, 106 N. Y. 321.) It is reasonable to assume use by the manufacturer when the possession is under such circumstances as in this case. The defendant had had a reasonable time to dispose of this sugar and had failed to do so. The claim of the defendant that this barrel was overlooked is not a sufficient excuse for possession to bring it within the purview of the *Woolworth* case. There is more here than mere possession and defendant is, therefore, found guilty as charged.